UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| _____ ) | |
| Kimberly Pochay, ) | |
|     Plaintiff ) | |
| ) | |
| v. ) | JURY DEMANDED |
| ) | Civil Action No.  1:15cv10215 |
| Midland Funding LLC and ) | |
| Midland Credit Management, Inc., ) | |
|     Defendants ) | |
| _____ ) | |

**COMPLAINT**

Kimberly Pochay brings this action against Midland Funding LLC ("Midland Funding") and Midland Credit Management, Inc. ("Midland Credit Management") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and Massachusetts Consumer Protection Act, General Laws Chapter 93A.

THE PARTIES

1.     Plaintiff Kimberly Pochay is a natural adult person residing in Bridgewater, Plymouth County, Massachusetts.

2.     Midland Funding LLC is a Delaware limited liability company with a principal place of business in San Diego, California.

3.     Midland Credit Management, Inc. is a Kansas corporation with a principal place of business in San Diego, California.

JURISDICTION

4.     This Court has jurisdiction over Counts I, II, and III (FDCPA violations) pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

5.     This Court has supplemental jurisdiction over Counts IV and V (state law violations) pursuant to 28 U.S.C. § 1367.

## VENUE

6.     Venue is proper in this Court pursuant to 28 U.S.C. 1391(b)(2) because a substantial part of the events or omissions giving rise to Ms. Pochay's claims occurred in this judicial district.

## FACTS

7.     Ms. Pochay is an adult consumer and debtor allegedly personally liable for debt incurred under a single account as a result of purchasing goods, services and/or personal property for personal, family or household purposes, and alleged to be more than thirty (30) days past due and owing to Midland Funding.[1]

8.     Midland Funding is the creditor to whom Ms. Pochay allegedly owes said debt.[2]

9.     Midland Credit Management is a debt collector licensed by Massachusetts Division of Banks.[3]

10.     Midland Credit Management services debts owed to Midland Funding.

11.     On or about October 10, 2014, Midland Funding's service affiliate, Midland Credit Management, notified Ms. Pochay by first-class mail that Midland Funding had purchased a debt allegedly owing to GE Money Bank, and offered Ms. Pochay a discount for settling the account

---

[1] 15 U.S.C. 1692a(3); Mass. Gen. Law Ch. 93 § 24; 209 C.M.R. 18.02; 940 C.M.R. 7.03.

[2] 15 U.S.C. 1692a(4); Mass. Gen. Law Ch. 93§ 24; 209 C.M.R. 18.02; 940 C.M.R. 7.03.

[3] 15 U.S.C. 1692a(6); Mass. Gen. Law Ch. 93 § 24;  209 C.M.R. 18.02; Mass. Div. Banks License No. DC0608.

within forty-five (45) days and an opportunity to pay the alleged debt in installments. EXHIBIT 1, *Letter from Midland Credit Management to Kimberly Pochay,* October 10, 2014.

12.     On or about October 28, 2014 undersigned counsel faxed to Midland Credit Management a notice of representation and dispute of debt, a request for verification of all debts allegedly owned by and payable to Midland Funding, and a request to direct all subsequent communications to counsel. EXHIBIT 2, *Letter from Barbara L. Horan, Esq. to Midland Credit Management, Inc.,* October 28, 2014.

13.     On or about January 2, 2015, without first verifying the alleged debt and disregarding the notice of representation by counsel, Midland Credit Management sent a second letter to Ms. Pochay with "special offers" to resolve the unpaid account now allegedly owned by Midland Funding. EXHIBIT 3, *Letter from Midland Credit Management to Kimberly Pochay,* January 2, 2015.

14.     In addition, between December 1, 2014 and January 10, 2015 Midland Credit Management telephoned Ms. Pochay's residence at least fifteen (15) times, including five (5) times during the six-day period December 24-December 29, 2014 and four (4) times during the period January 5 to January 10, 2015.  On two occasions Midland Credit Management telephoned Ms. Pochay's residence four (4) times within a four (4)-hour period. At no time did Midland Credit Management disclose its identity, and on several occasions Midland Credit Management hung up the phone as soon as it was answered.

15.     On or about January 19, 2015 undersigned counsel sent a second notice of representation to Midland Credit Management, with a second request for validation of the debt

and a request to cease all communications with Ms. Pochay and re-direct them to counsel. EXHIBIT 4, *Letter from Barbara L. Horan, Esq. to Midland Credit Management, Inc.,* January 19, 2015.

16.     Nevertheless, on January 20 and January 25, 2015, Midland Credit Management telephoned Ms. Pochay's residence again. When Ms. Pochay's elderly mother answered the second call, Midland Credit Management hung up the phone.

COUNT I
Midland Credit Management, Inc.
Violation of FDCPA, 15 U.S.C. § 1692c

17.     Ms. Pochay repeats and re-asserts the allegations contained in Paragraphs 1-16.

18.     After receiving notice of appearance of counsel, together with a request to cease and desist communications with Ms. Pochay and to direct all debt collection communications to counsel, debt collector Midland Credit Management repeatedly contacted Ms. Pochay's residence by telephone in an attempt to collect a debt allegedly owned by Midland Funding.

19.      This conduct constituted improper communication by a debt collector with a consumer represented by an attorney with respect to that debt, in violation of 15 U.S.C. § 1692c(a)(2) and § 1692c(c)(2).

20.     As a result of the Midland Credit Management's unlawful conduct, Ms. Pochay has experienced continuing anxiety and emotional distress, for which she now seeks actual damages, statutory damages, costs and attorney's fees, as provided by statute.

COUNT II
Midland Credit Management, Inc.
Violation of FDCPA, 15 U.S.C. § 1692g(b)

21.     Ms. Pochay repeats and re-asserts the allegations contained in Paragraphs 1-20.

22.     After failing to respond to a written request for verification and validation of a debt allegedly owed by Ms. Pochay to Midland Funding, Midland Credit Management repeatedly contacted Ms. Pochay by telephone in an attempt to collect that debt.

23.     This conduct violated the FDCPA, 15 U.S.C. § 1692g(b), which requires a debt collector to cease collection of the debt once the consumer notifies the collector in writing that the consumer disputes the debt or requests verification of the debt, until the collector mails verification and validation of that debt to the consumer.

24.     As a result of Midland Credit Management's unlawful conduct, Ms. Pochay has experienced continuing anxiety and emotional distress, for which she now seeks actual damages, statutory damages, costs and attorney's fees, as provided by statute.

COUNT III
Midland Credit Management, Inc.
Violation of FDCPA, 15 U.S.C. § 1692d

25.     Ms. Pochay repeats and re-asserts the allegations contained in Paragraphs 1-24.

26.     Midland Credit Management telephoned Ms. Pochay's residence sixteen (16) times following receipt of the first notice of representation by counsel, and twice in the week following receipt of a second notice of representation.

27.     On several occasions Midland Credit Management terminated the call as soon as the telephone was answered. At no time did Midland Credit Management disclose its identity. This conduct violated the FDCPA, 15 U.S.C. 1692d(5) and (6), which prohibit harassing, oppressive and abusive conduct in connection with collection of a debt.

28.     As a result of Midland Credit Management's unlawful conduct, Ms. Pochay has experienced continuing anxiety and emotional distress, for which she now seeks actual damages, statutory damages, costs and attorney's fees, as provided by statute.

COUNT IV
Midland Funding LLC
Violation of Mass. Gen. Laws Chapter 93A § 9

29.     Ms. Pochay repeats and re-asserts the allegations contained in Paragraphs 1-28.

30.     Creditor Midland Funding violated Gen. Laws Ch. 93 § 49(b) by communicating directly with Ms. Pochay, by and through its service affiliate, after notice that Ms. Pochay was represented by counsel, to whom all further communications relative to the debt should be addressed.

31.     Midland Funding violated Chapter 93 § 49(c) by communicating with Ms. Pochay, by and through its service affiliate, Midland Credit Management, in such a manner as to harass her with telephone calls made with unreasonable frequency.

32.     Midland Funding's failure to comply with the provisions of Chapter 93 § 49 constitutes unfair and deceptive acts and practices under the provisions of Gen. Laws Chapter 93A.

33.     Midland Funding's use of unfair and deceptive debt collection practices was willful and knowing, as evidenced by the number and frequency of telephone calls after notices of representation by counsel, and by Midland Funding's conduct in making the calls, such as its failure to meaningfully identify itself as the repeated caller, and hanging up when its calls were answered.

34.     Midland Funding's violations of Gen. Laws Ch. 93 § 49 constitute unfair and deceptive acts and practices under Gen. Laws Ch. 93A  § 2.

35.     As a result of Midland Funding's unlawful conduct, Ms. Pochay has experienced continuing anxiety and emotional distress, for which she now seeks actual damages, trebled, together with costs and attorney's fees, as provided by statute.

COUNT V
Midland Credit Management, Inc.
Violation of Mass. Gen. Laws Chapter 93A § 9

36.     Ms. Pochay repeats and re-asserts the allegations contained in Paragraphs 1-35.

37.     Debt collector Midland Credit Management violated 209 C.M.R. 18.15 (4) by placing repeated and continuous telephone calls to Ms. Pochay's residence without meaningful disclosure of its identity, and by telephoning Ms. Pochay in connection with the collection of a debt allegedly owned by Midland Funding after knowing that Ms. Pochay was represented by an attorney with respect to said debt.

38.     Midland Credit Management violated 209 C.M.R. 18.15 (4) by causing the telephone at Ms. Pochay's residence to ring repeatedly and continuously with the intent to annoy, abuse and/or harass Ms. Pochay and other members of her household.

39.     Midland Credit Management violated 209 C.M.R. 18.18(2) and (3) by continuing debt collection efforts without providing a verification of the alleged debt and all supporting documentation.

40.     Midland Credit Management's use of unfair and deceptive debt collection practices was willful and knowing, as evidenced by its telephone calls to Ms. Pochay's residence after receipt of a second notice of representation, and by its mailing a second written communication to Ms. Pochay in an attempt to collect the alleged debt without first verifying said debt.

41.     Midland Credit Management's violations of 209 C.M.R. 18.00 *et seq.* constitute unfair and deceptive acts and practices under Gen. Laws Ch. 93A § 2.

42.     As a result of Midland Funding's unlawful conduct, Ms. Pochay has experienced continuing anxiety and emotional distress, for which she now seeks actual damages, trebled, together with costs and attorney's fees, as provided by statute.

JURY DEMAND

Plaintiff requests a trial by jury on all claims.

PRAYER FOR RELIEF

WHEREFORE Plaintiff, Kimberly Pochay, prays for judgment in her favor and against Defendants Midland Funding, LLC and Midland Credit Management, Inc., as stated herein, and for an Order granting her relief as follows:

- Actual damages, trebled;
- Statutory damages;
- Costs and reasonable attorney's fees;
- Such other and further relief as this Court deems just and proper.

Respectfully submitted,
KIMBERLY POCHAY,
By her attorney,

Dated: January 28, 2015            */s/ Barbara L. Horan*
Barbara L. Horan, BBO #652151
Law Office of Barbara L. Horan
800 Hingham Street
Rockland, MA 02370
(855) 488-4400 (t)
(855) 797-4040 (f)
blh@BLHLaw.net